# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **NovaStar Mortgage, Inc.**<br>8140 Ward Parkway, Suite 200<br>Kansas City, Missouri 64114<br><br>　　　　**Plaintiff**<br><br>　vs.<br><br>**Charlesetta M. Byers**<br>370 Fuller Street<br>Akron, OH 44306<br><br>**Unknown Spouse, if any, of**<br>**Charlesetta M. Byers**<br>370 Fuller Street<br>Akron, OH 44306<br><br>**Mack Concrete, Inc.**<br>c/o Betsy Mack Nespeca, Statutory Agent<br>201 Columbia Road<br>Valley City, OH 44280<br><br>**Evergreen Investment Corp.**<br>c/o David Willian, Statutory Agent<br>611 West Market Street<br>Suite A<br>Akron, OH 44303<br><br>　　　　**Defendants.** | Case No. _____<br><br>Judge _____<br><br>**COMPLAINT FOR FORECLOSURE**<br><u>**WITH WARNING UNDER THE FAIR**</u><br><u>**DEBT COLLECTION PRACTICES ACT**</u> |

**Jurisdiction and Venue**

1. Jurisdiction is founded on 28 U.S.C. Section 1332(a)(1). The citizenship of the parties is diverse and the amount in controversy exceeds the jurisdictional requirement. Plaintiff is a Virginia corporation, with its principal place of business in Jackson County, Missouri.

None of the defendants is a citizen of Virginia or Missouri. Venue is proper in the Northern District of Ohio, Eastern Division as the real property which is the subject of this action is located in this district.

### Background

2. Charlesetta M. Byers executed the promissory note attached to this Complaint as Exhibit A (the "Note").

3. Attached hereto as Exhibit B is a validly executed mortgage (the "Mortgage") that was executed in connection with the execution of the Note. The parties to the Mortgage intended that it attach to the entire fee simple interest in the property.

4. The Note is in default because installment payments due on the Note have not been paid. As a result, covenants in the Mortgage have not been performed. Notice of default was given to the borrowers under the terms of the Note, and the Note was properly accelerated. A written notice was sent to the borrowers at the property address, or their last known address, informing them that they are in default under the Note and that if they do not pay the overdue amount by a certain date they will be required to pay the full amount of unpaid principal plus all interest on the unpaid principal plus costs and expenses. The deadline for the payment of the overdue amount passed without payment being made.

5. The Mortgage was filed July 31, 2006, recorded at Official Instrument Number 55350503, Recorder's Office, Summit County, Ohio.

6. The Mortgage conveys to Plaintiff an interest in the following property (the "Property"):

    370 Fuller Street, Akron, OH 44306, parcel number 6812701, routing number 060083107005000, said Property being more particularly described as follows:

    > Situated in the City of Akron, County of Summit and State of Ohio: And known as being Lot No. 6 of John Martin's Allotment as surveyed by R.S. Paul and

recorded in Records of Summit County, Plat Book 7, Page 20.

7. A title examination reveals that the other persons named as defendants in this action may also have or claim an interest in the Property. The Preliminary Judicial Report attached to this Complaint as Exhibit C explains why these defendants may have or claim an interest in the Property.

## COUNT ONE

8. Plaintiff incorporates each of the preceding allegations into Count One by reference.

9. Plaintiff is the owner and holder of the Note.

10. Because the Note has been accelerated and is in default, Plaintiff is entitled to judgment against Charlesetta M. Byers for principal in the amount of $93,533.56, plus interest on the outstanding principal balance at the rate of 10.8% per annum from December 1, 2006, plus late charges, plus advances made for the payment of taxes, assessments, insurance premiums, or costs incurred for the protection of the mortgaged premises under Section 5301.233 of the Ohio Revised Code.

## COUNT TWO

11. Plaintiff incorporates each of the preceding allegations into Count Two by reference.

12. The Mortgage is a valid and subsisting first lien on the Property, subject only to any lien that may be held by the County Treasurer.

13. Plaintiff is the owner and holder of the Mortgage and is entitled to foreclose the Mortgage.

## PRAYER FOR RELIEF

14. Plaintiff prays for the following relief:

- judgment against Charlesetta M. Byers in the amount of $93,533.56, plus interest on outstanding principal balance due at the rate of 10.8% per annum from December 1, 2006, plus late charges, plus advances made for the payment of taxes, assessments,

  insurance premiums, or costs incurred for the protection of the mortgaged premises under Section 5301.233 of the Ohio Revised Code;

- a finding that the Mortgage is a valid and subsisting first lien on the Property, subject only to any lien that may be held by the County Treasurer;

- an order (1) foreclosing the equity of redemption and dower of all defendants named in this action, (2) requiring that the Property be sold free and clear of all liens, interests, and dower, (3) requiring all defendants to set up their liens or interest in the Property or be forever barred from asserting such liens or interests, (4) requiring that the proceeds of the sale of the Property be applied to pay all amounts due Plaintiff under the Note, and (5) granting Plaintiff all other relief, legal and equitable, as may be proper and necessary, including, for example, a writ of possession.

        Respectfully submitted,

        /s/ Kevin L. Williams
        Kevin L. Williams (0061656)
        Manley Deas Kochalski LLC
        P. O. Box 165028
        Columbus, OH  43216-5028
        Telephone:  614-222-4921
        Fax:  614-220-5613
        Email:  klw-f@mdk-llc.com
        Attorney for Plaintiff

**THIS COMMUNICATION IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

## NOTICE UNDER THE FAIR DEBT COLLECTION PRACTICES ACT

If your name appears in paragraph two (2) of the foregoing Complaint, the following notice applies to you.

1. The purpose of the attached documents is to collect a debt. Any information you provide to Manley Deas Kochalski LLC will be used for that purpose.

2. The amount of the debt is stated in Count One of the Complaint.

3. The person named as Plaintiff in this Complaint is the creditor to whom the debt is owed.

4. The debt described in this Complaint will be assumed to be valid by Manley Deas Kochalski LLC, unless, within thirty (30) days of your receipt of this notice, you dispute the validity of the debt or some portion of the debt.

5. If you notify Manley Deas Kochalski LLC in writing within thirty (30) days of your receipt of this notice that the debt or any portion of the debt is disputed, Manley Deas Kochalski LLC will obtain a verification of the debt and cause a copy of the verification to be mailed to you.

6. If the creditor named as Plaintiff in this Complaint is not the original creditor, and if you make a written request to Manley Deas Kochalski LLC within thirty (30) days of your receipt of this notice, Manley Deas Kochalski LLC will mail to you the name and address of the original creditor.

Written requests should be addressed to Manley Deas Kochalski LLC, P. O. Box 165028, Columbus, OH 43216-5028.

### IMPORTANT NOTICE TO THE BORROWERS

*Because the attorneys at the law firm of Manley Deas Kochalski LLC represent the company that filed this foreclosure action, we are prohibited by ethical rules from giving you any legal advice. What this means is that we cannot tell you what you should do in response to this summons and complaint. If you have any questions about how to respond to the summons and complaint, please contact your own attorney, a legal aid society, or your local bar association for assistance.*

*If you would like to see whether this foreclosure action can be stopped, please call your lender's loss mitigation representative at 1-888-743-0774. It is not too late to call.*